RECEIVED
IN ALEXANDRIA, LA
JUL 2 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN MORRIS<br>LA. D.O.C.#352802 | DOCKET NO. 08-CV-1671; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LA. SECRETARY DEPT. OF PUBLIC<br>SAFETY AND CORRECTIONS | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) originally filed on November 5, 2008, by pro se plaintiff Kevin Morris. Plaintiff's motion for leave to proceed in forma pauperis was granted on November 10, 2008. Plaintiff was ordered to amend his complaint on April 23, 2009.

Plaintiff is currently incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff claims that the defendants failed to protect him from harm inflicted by another inmate, failed to provide him with timely and adequate medical care, and denied him access to the courts. He names as defendants the Secretary of the LDOC, Warden Tim Wilkinson, Warden Tim Morgan, Virgil Lucas, Tommy Glover, Delmar Maxwell, Sandy Taylor, Louis Armstrong, Lt. Carpenter, T. Brown, Captain Knight, Lt. King, Nurse Smith, Lt. Smith, Correction Officer Hendrick, Nurse Greg, Angel Martin, and Dr. Alfonso Pacheco. He seeks $17,600 in compensatory damages for the pain he endured having two plates installed in his mouth. He also requests a transfer to Forcht Wade Correctional

Center.

**LAW AND ANALYSIS**

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was ordered to amend his complaint on April 23, 2009. [Doc. #10] Plaintiff's amended complaint was due by May 26, 2009. Because Plaintiff has not responded to the Court's Order, and because the time for filing Plaintiff's response has long expired, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

**OBJECTIONS**

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the**

2

district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ____ day of _____ 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE